UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

December 4, 2017

Lawrence P. Demuth, Esq.
Theodore Anthony Melanson, Esq.
Mignini, Raab & Demuth, LLP
429 S. Main St.
Bel Air, MD 21014

Amy C. Rigney, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: Ricky McIver v. Nancy A. Berryhill, Acting Commissioner of Social Security
Civil No.: BPG-16-2725

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 7, 8), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 22), Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 24), Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 25), and Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 30). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, plaintiff's motion (ECF Nos. 22, 25) and defendant's motion (ECF No. 24, 30) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

I. **Background**

On March 8, 2011, plaintiff filed a Title II application for a period of disability and disability insurance benefits. (R. at 125−28, 119−24.) On March 31, 2011, plaintiff also filed a Title XVI application for supplemental security income. (Id.) In both applications, plaintiff alleged disability beginning on June 1, 2009. (R. at 119−28, 138.) His claims were initially denied on May 6, 2011 (R. at 20−41), and on reconsideration on February 6, 2013. (R. at 42−48.) After a hearing held on January 27, 2015, an Administrative Law Judge ("ALJ") issued a decision on February 13, 2015 denying benefits based on a determination that plaintiff was not disabled. (Id. at 9−19.)

The Appeals Council denied plaintiff's request for review on June 7, 2016 making the ALJ's opinion the final and reviewable decision of the Commissioner. (Id. at 5–8.) Plaintiff challenges the Commissioner's decision on the grounds that: (1) the ALJ's residual functional

capacity ("RFC") determination was not supported by substantial evidence, and (2) the ALJ's determination that plaintiff's impairment was not severe enough to meet or medically equal any listed impairment was not supported by substantial evidence. (ECF No. 22 at 9−20, 20−26.)

## II. Discussion

First, plaintiff argues that the ALJ's assessment of plaintiff's RFC was not supported by substantial evidence. In particular, plaintiff alleges that (1) the ALJ afforded little weight to plaintiff's treating physician without properly explaining why and (2) the ALJ, in light of Lewis v. Berryhill, applied an improper legal standard to discredit plaintiff's subjective symptoms and credibility. (ECF No. 22 at 10−17 and ECF No. 25 at 2−11); Lewis v. Berryhill, 858 F.3d 858 (4th Cir. 2017). The ALJ must generally give more weight to a treating physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, the ALJ should afford it significantly less weight. Id.; Lewis, 858 F.3d at 867. If the ALJ does not give a treating source's opinion controlling weight, the ALJ must assign weight after considering several factors, including the length and nature of the treatment relationship, the degree to which the physician's opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6). Moreover, the ALJ is never required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. §§ 404.1527(e); 416.927(e).

Plaintiff's treating physician, Dr. Joseph, treated plaintiff from 2013 through 2015. (R. at 235, 240, 256−78.) Over the course of his treatment, Dr. Joseph assessed that plaintiff was limited to less than a full range of sedentary work due to chronic back pain. Id. The ALJ afforded this opinion significantly less weight because it was inconsistent with other substantial evidence. (R. at 16−17.) Specifically, the ALJ discussed two other medical opinions which were inconsistent with Dr. Joseph's opinion. Id. First, the ALJ discussed the medical records from Dr. Quainoo, a consultative examiner, who found that plaintiff had good lumbar flexion, had sufficient grip strength, normal range of motion of all joints and a normal gait, and that the plaintiff did not use an ambulatory device as of the examination date in January of 2013. (R. at 237−39.) Dr. Quianoo concluded that though the plaintiff had chronic back pain, there was "no evidence of gross functional impairment." Id. Second, the ALJ discussed the medical records from Dr. Reddy, a second consultative examiner, who found that plaintiff had full strength in his upper and lower extremities with slight back pain when raising his legs as of the examination date in October of 2014. (R. at 243−44.) Additionally, Dr. Reddy observed plaintiff being able to walk, normally dress/undress, bend, and not require an ambulatory device. Id. Neither consultative examiner concluded that the back pain rose to the level of functionally impairing the claimant. To the contrary, their records discuss plaintiff's ability to engage in normal physical tasks without difficulty and mention back pain as being present, but not as severely limiting. (R. at 235−244.)

In affording plaintiff's treating physician's opinion significantly less weight, the ALJ discussed a variety of the necessary factors, including the examining relationship, supportability,

and the consistency of the opinion with the record as a whole.  The ALJ need not mechanically discuss every factor when choosing to afford a treating physicians opinion less weight.  See Baxter v. Astrue, 2012 WL 32567, at *6 (D. Md. Jan. 4, 2012).  In Lewis, the Fourth Circuit noted that the ALJ is "required to give 'controlling weight' to opinions proffered by a claimant's treating physician so long as the opinion . . . is not inconsistent with other substantial evidence in the case record."  Lewis, 858 F.3d at 867.  Here, the opinion of the claimant's treating physician was inconsistent with two consultative examiners.  The ALJ properly considered the necessary factors and evaluated the evidence as a whole before rendering his decision to afford little weight to Dr. Joseph's opinion.  See Ward v. Berryhill, No. ADC-16-3443, 2017 WL 4838749 (D. Md. Oct. 24, 2017) (finding ALJ appropriately declined to give controlling weight to treating physician's opinions where two non-treating medical experts' opinions contradicted them).  Accordingly, because the ALJ's decision was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," this court finds the ALJ's determination to afford less weight to Dr. Joseph's opinion to be supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 401 (1971).

With respect to plaintiff's challenge of the ALJ's analysis of plaintiff's credibility and subjective symptoms, plaintiff relies on the Fourth Circuit's recent holding in Lewis.  "'In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians ... and any other relevant evidence in the case record.' SSR 96–7P, 1996 WL 374186, at *1 (S.S.A. July 2, 1996).  An ALJ, however, cannot rely exclusively on objective evidence to undermine a claimant's subjective assertions of disabling pain." Hinton v. Berryhill, No. MJG-16-4043, 2017 WL 4404441, at *3 (D. Md. Oct. 4, 2017) (citing Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017) (holding that the ALJ improperly discounted the claimant's subjective complaints "based solely on the lack of objective evidence" supporting the claimant's assertions)).

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, yet determined that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible…" (R. at 16).  The ALJ summarized plaintiff's testimony as follows:

> The claimant testified that his wife does all household chores, but his functional report indicates he goes outside every day, uses public transportation, and shops in stores. In addition, he reported doing laundry.  He does not require an assistive device to ambulate.  He testified he goes to the emergency room twice a year for paint due to gastric ulcers, and he takes medication daily with pain.  He stated his back pain radiates to his toes.

(R. at 15-16.)

The ALJ, however, did not specifically discuss how these aspects of plaintiff's testimony were inconsistent with the other evidence in the record. In discounting plaintiff's subjective evidence of pain intensity, the ALJ discussed the findings of Dr. Joseph, plaintiff's treating physician, and Drs. Quainoo and Reddy, both consultative examiners. (R. at 16). The ALJ did not further mention or discuss plaintiff's testimony, highlight any inconsistencies between plaintiff's testimony and his complaints to his treating and consultative physicians, further discuss how plaintiff's daily activities rebut his subjective statements concerning his pain, or note any instances where plaintiff failed to pursue or follow medical advice relating to controlling his pain. See Hinton, 2017 WL 4404441, at *3 (D. Md. Oct. 4, 2017) (discussing ALJ's detailed evaluation of specific record evidence against claimant's statements regarding his symptoms and credibility); see also Ward v. Berryhill, 2017 WL 4838749, at *5-*6 (D. Md. Oct. 24, 2017) (same). The ALJ failed to discuss what statements by the plaintiff "undercut [his] subjective evidence of pain intensity as limiting his functional capacity." Lewis, 858 F.3d at 866. The lack of a detailed evaluation of the record evidence that was inconsistent with plaintiff's statements limits the court's ability to review this aspect of the ALJ's decision. Accordingly, remand is necessary for the ALJ to consider, analyze, and articulate plaintiff's credibility in accordance with the Lewis case.

Citing the Fourth Circuit's holdings in Fox v. Colvin, 652 Fed. App'x 750, 755 (4th Cir. 2015) (per curiam), and Radford v. Colvin, 734 F.3d 288, 292 (4th Cir. 2013), plaintiff's second argument asserts that the ALJ's step three analysis was inadequate because it failed to specifically identify or compare any of the criteria of the Listings contained in §§ 1.04 and 5.00. (ECF No. 22 at 20-26.) Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments describes "for each of the major body systems impairments that [the agency considers] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). In Fox, the Fourth Circuit held that the ALJ's medical Listing analysis was deficient because it consisted of conclusory statements that lacked "any 'specific application of the pertinent legal requirements to the record evidence.'" Fox, 652 Fed. App'x at 754 (quoting Radford, 734 F.3d at 291–92). Thus, Fox requires that the ALJ provide express analysis, with factual support, to conclude that a medical Listing has not been met at step three.

In the instant case, regarding his findings at step three of the sequential evaluation, the entirety of the ALJ's analysis is as follows:

> Particular consideration was given to listings 1.04 and section 5.00. The State agency physician who are [sic] skilled and experienced in reviewing records and assessing the impairments and limitations that are documented in those records concluded that the claimant's impairments did not meet or equal the requirements of any section in Appendix I. The records that were submitted since the State completed its review do not warrant a different determination at

>       the third step of the evaluation process. No treating or examining
>       physician or psychologist has identified medical signs or findings
>       that meet or medically equal the requirements of Appendix I. I
>       reviewed the records and find that the claimant does not have
>       impairments that meet or equal the requirements of any section of
>       Appendix I.

(R. at 15.)

Listing 1.04 is defined as: "Disorders of the spine . . . resulting in compromise of a nerve root . . . or the spinal cord. With A. Evidence of nerve root compression . . . OR B. Spinal arachnoiditis . . . OR C. Lumbar spinal stenosis." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04. Here, the ALJ's step three analysis clearly does not comport with the Fourth Circuit's mandate in Fox. The ALJ did not identify any of the requirements of Listing 1.04, did not apply any findings or medical evidence to the identified Listing, and "offered nothing to reveal why he was making his decision." Radford, 734 F.3d at 295. Similarly, the ALJ identified, but did not engage in any substantive discussion, of Section 5.00 which pertains to disorders of the digestive system. The ALJ here "engaged in the same conclusory analysis that [the Fourth Circuit] found unacceptable" in both Fox and Radford. See Fox, 632 Fed. App'x at 755; Radford, 734 F.3d at 295. Given the ALJ's cursory conclusion, this court is unable to perform a meaningful review of the ALJ's analysis. This court would have to engage in the same "fact-finding expedition" that the Fourth Circuit found inappropriate in Fox.

The Commissioner here makes the same argument that was rejected in Fox, that is, because substantial evidence exists to support the ALJ's finding, any error committed by the ALJ was harmless. (ECF No. 24-1, at 17-18). As the Fourth Circuit made clear in Fox, it is not the reviewing court's role "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." Fox, 632 Fed. App'x at 755. In this case, the ALJ specifically identified Listing 1.04 in its step three analysis, but failed to explain why plaintiff did not meet that Listing's requirements. Further, the ALJ identified Section 5.00 at step three of the analysis without further discussion. This court cannot conduct a meaningful review "when there is nothing on which to base a review." Fox, 652 F. App'x at 755. Accordingly, remand is necessary for the ALJ to consider, analyze, and articulate whether the medical evidence supports a conclusion that plaintiff's impairments met or medically equaled any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion (ECF Nos. 22, 25) and Defendant's Motion (ECF No. 24, 30) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further consideration in accordance with this opinion.

      Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                                Very truly yours,

                                    /s/

                                Beth P. Gesner
                                Chief United States Magistrate Judge