| | |
|---|---|
| CHAMBERS OF<br>BETH P. GESNER<br>CHIEF UNITED STATES MAGISTRATE JUDGE<br>MDD_BPGchambers@mdd.uscourts.gov | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-4288<br>(410) 962-3844 FAX |

March 26, 2019

Lawrence P. Demuth, Esq.
Mignini, Raab & Demuth, LLP
429 S. Main St.
Bel Air, MD 21014

Amy C. Rigney, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Theodore A. Melanson, Esq.
Mignini, Raab & Demuth, LLP
606 Baltimore Ave., Ste. 100
Towson, MD 21204

Subject: Ricky M. v. Commissioner, Social Security Administration[1]
Civil No.: BPG-16-2725

Dear Counsel:

Currently pending is Lawrence P. Demuth's Amended Motion for Attorney's Fees ("Motion") pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), which seeks fees for counsel's representation of plaintiff before this court. (ECF No. 36). In response, defendant takes no position on plaintiff's Motion, but requests that the court consider whether Mr. Demuth's requested amount constitutes a reasonable fee. (ECF No. 37). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Mr. Demuth's Motion is GRANTED.

On March 19, 2018, this court awarded Mr. Demuth $5,148.80 for 26.00 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 32-1, 34). Plaintiff was subsequently awarded $28,962.00 in past-due benefits. (ECF No. 36). The Social Security Administration ("SSA") withheld twenty-five percent of plaintiff's past-due benefits, amounting to $7,240.50. Id. On February 26, 2019, Mr. Demuth filed an Amended Motion for Attorney's Fees, seeking attorney's fees in the amount of $7,240.50, less $5,905.00 already paid in administrative fees, for a total of $1,335.50. Id. As the $5,148.80 EAJA award was garnished from plaintiff and not collected by Mr. Demuth, any award of attorney's fees need not be reduced by the EAJA amount. (ECF No. 36); see Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 135 (4th Cir. 2009).

"The SSA authorizes a reasonable fee for successful representation before this court, not to exceed twenty-five percent of a claimant's total past-due benefits." Dewain S. v. Comm'r of Soc. Sec. Admin., Civil No. SAG-17-716, 2019 U.S. Dist. LEXIS 5281 at *2 (D. Md. June 28,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

2017 (citing 42 U.S.C. § 406(b)). "Although contingent fee agreements are the 'primary means by which fees are set' in Social Security cases, a court must nevertheless perform an 'independent check, to assure that they yield reasonable results in particular cases.'" Id. (quoting Gisbrecht, 535 U.S. at 807). "In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the 'character of the representation and the results the representative achieved.'" Id. (quoting Gisbrecht, 535 U.S. at 808)). "Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a 'windfall' to the attorney." Id.

Here, Mr. Demuth and plaintiff entered into a contingent fee arrangement and plaintiff agreed that, if his claim was allowed, "the fee for services rendered in this case will be Twenty-Five Percent (25%) of all retroactive benefits" to which plaintiff may become entitled. (ECF No. 32-5). In his previous Motion for Attorney's Fees Pursuant to the EJEA (ECF No. 32), Mr. Demuth submitted an itemized report documenting the 26.00 billed hours[2] he expended before this court in plaintiff's case. (ECF No. 32-7). If the court awards Mr. Demuth the full amount of fees requested, his fee for representation before this court will effectively total $278.48 per hour. Accordingly, Mr. Demuth must establish that an effective rate of $278.48 per hour is reasonable for the services he rendered. See Gisbrecht, 535 U.S. at 807.

This effective rate is less than Mr. Demuth's typical hourly billing rate of $350. (ECF No. 32-6 at 2). It is also squarely within the range of hourly rates that are presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this court.[3] "Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals." Terri H. v. Comm'r, Soc. Sec. Admin, Civil No. SAG-16-3106, 2019 U.S. Dist. LEXIS 17095 at *3–4 (D. Md. Feb. 4, 2019) (collecting cases). Notably, in Terri H., the court found that an effective rate of $277.66 per hour was reasonable when the fee was less than the typical hourly billing rate of $300 and within the range of presumptively reasonable hourly rates. Id. at *3. Similarly, here, after consideration of factors such as "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court," (ECF No. 37 at 2 (citing Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005)), I find that the requested fee is reasonable and should be approved.

For the reasons noted above, Mr. Demuth's Motion (ECF No. 36) is GRANTED and Mr. Demuth is awarded attorney's fees totaling $1,335.50.

---

[2] The report documented a total of 29.10 hours, 3.10 of which were marked as "NO CHARGE." Id.

[3] "Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case." Dewain S., 2019 U.S. Dist. LEXIS 5281 at *3 n.2 (citing Loc. R. App. B (D. Md. 2018)). Mr. Demuth has now been practicing for fourteen years (ECF No. 32-6 at 2) and presumptively reasonable hourly rate for attorneys admitted to the bar for nine (9) to fourteen (14) years is $225–350. Loc. R. App. B (D. Md. 2018).

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly. An implementing order follows.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge